ANGUS M. MCMILLAN, *Plaintiff in Error*, v. THE COUNTY OF ESCAMBIA, *Defendant in Error*.

Opinion Filed April 19, 1917.

Section 4017 of the General Statutes of 1906 provides for issuing a *capias*, not a *fieri facias;* and while the section provides that "said capias shall have in addition the force and effect of a *fieri facias,* and shall contain in substance the clause usually contained in such writs, and may be levied upon any property of such person," etc., the writ authorized to be issued is nevertheless a capias and not a *fieri facias,* and the· fee therefor is forty cents each, as fixed by Section 1839.

Writ of Error to Circuit Court for Escambia County; A. G. Campbell, Judge.

Judgment affirmed.

*Watson & Pasco, John P. Stokes* and *E. D. Beggs,* for Plaintiff in Error;

*R. Pope Reese,* for Defendant in Error.

PER CURIAM.—An action was brought by McMillan as Clerk of the Court of Record for Escambia County to recover costs alleged to be due him in insolvent criminal cases adjudicated by the Court of Record. The court sustained a demurrer to the amended declaration; and the plaintiff not desiring to amend, final judgment for the defendant county was rendered. Writ of error was taken by the plaintiff.

The contention is that the process issued by the clerk under Section 4017 General Statutes, 1906, is a *fieri facias* for which the clerk is entitled to collect seventy-five cents, and not a *capias* for which he is entitled to collect forty cents. See Section 1839 Gen. Stats. 1906. It is further contended that an "execution" is required to be issued and returned "no property found" before costs adjudged against a defendant in a criminal prosecution can legally be paid by the county.

Under Section 3876 General Statutes, the fees of the Clerks of the Court of Record are "the same as the fees of the Clerks of the Circuit Courts in like cases, and shall be paid by the county when the defendant is insolvent, as provided by law."

Section 4017 General Statutes, is as follows: "Whenever any person convicted of a crime shall be sentenced to pay a fine or costs, or to be imprisoned in the county jail or State prison, the clerk of the court shall as soon as may be, make out and deliver to the sheriff of the county or his deputy, a transcript from the minutes of the court of such conviction and sentence, duly certified by such clerk, which shall be a sufficient authority for such sheriff to execute such sentence and he shall execute the same accordingly, or in case of a fine a capias may be issued against the body of the person so sentenced to pay, and said capias shall have in addition the force and effect of

a fieri facias, and shall contain in substance the clause usually contained in such writs, and may be levied upon any property of such person, real or personal, not exempt from levy under execution."

Section 4017 provides for issuing a *capias,* not a *fieri facias;* and while the section provides that "said capias shall have in addition the force and effect of a *fieri facias,* and shall contain in substance the clause usually contained in such writs, and may be levied upon any property of such person," &c., the writ authorized to be issued is nevertheless a capias and not a *fieri facias,* and the fee therefor is forty cents each, as fixed by Section 1839.

Even assuming that the statute requires that when costs are imposed on a defendant in a criminal prosecution an "execution" shall be issued and returned "no property found" in every case, whether it is obviously a useless formality and expense or not, before costs can legally be paid by the county, then the capias that is required to be specially formulated and issued by section 4017, which capias shall have in addition the force and effect of a *fieri facias,* is such an "execution" as satisfies the requirements of section 970 General Statutes. A return in writing may be made as to fines or costs collected on the capias without returning the capias until it is satisfied.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.